CHARLES V. BUTLER & al. versus MARY K. MILLETT.

The affidavit of a nominal plaintiff, made after an assignment of the cause of action, is not admissible as evidence in favor of the defendant.

A declaration, containing only a count "for balance of account," may be amended by filing, by leave of Court, a bill of particulars.

But, it seems that leave to file a bill of particulars does not authorize an enlargement of the plaintiff's claim.

When the bill of particulars filed exceeds in amount the sum claimed in the declaration, the verdict will not be set aside on that account, if the plaintiff will remit the excess.

ON EXCEPTIONS to the rulings and instructions of GOODE-NOW, J.

THIS was an action of ASSUMPSIT, to recover "balance of account" due from defendant to plaintiffs for meats and groceries, amounting to $81,00. No account was annexed to the writ, and, at the return term, plaintiff had leave to file a bill of particulars, amounting to $81,62. At this April term, defendant moved, orally, that the writ abate, because of variance between the account in the writ, and the bill of particulars filed, which motion was overruled.

The plea was the general issue, with specifications of defence of payment. Defendant also filed an account in set-off, which was a part of the case. The defendant alleged that one M. O. Butler, acting as the agent of Charles V. Butler, one of the plaintiffs, on the 19th day of Octoter A. D., 1857, settled the account in suit with the defendant, and gave a receipt in full, in the name of the firm of Butler & Dakin, by off-setting an account of the defendant against said M. O. Butler, for house rent, and that Charles V. Butler ratified and approved said settlement.

Defendant called for plaintiffs' books, which were produced, by which it appeared that, under date of Oct. 19, 1857, was a credit "by house rent for M. O. Butler, $81,62," upon the Leger, but no such entry on Day-Book.

Defendant called L. H. Dakin, one of the plaintiffs, who

testified that he was a partner of C. V. Butler, one of the firm of Butler & Dakin, that M. O. Butler acted for said firm to a certain extent, employed in taking care of the meat department of their business; that Charles V. was only occasionally in the store; that M. O. Butler did not purchase any goods for their firm to his knowledge; that said firm usually received pay for their bills monthly from the mill folks, but not always; that said firm made an assignment of the books and accounts to Daniel Tarbox, the plaintiff in interest; that, after the 19th of October, said Dakin & Tarbox made a thorough examination of the book accounts of said firm, and that Mrs. Millett's account was not then balanced on the Ledger, and that he never balanced said book, nor gave any person authority to do so; that the credit on the Ledger is in the handwriting of M. O. Butler's son; that, after the books were assigned, said son was employed by Mr. Tarbox to foot up said books; that witness never authorized M. O. Butler to settle said account in any way by rent of house; that he, (witness,) sold out said firm goods October 20 or 21, and that M. O. Butler said if he had any thing to do with it, it should not be so.   Charles V. Butler was not in town, when witness sold out.

Plaintiff introduced assignment from Butler & Dakin to Daniel Tarbox, dated Oct. 19, 1857, of all accounts upon their books.

The defendant offered in evidence the following receipt, but the presiding Judge ruled the same inadmissible:—

"Lewiston, Oct. 19th, 1857.

"Received of Mrs. Millett, eighty-one dollars and 62–100 in rent of house I now occupy, being in full for account.

"For Butler & Dakin to date.

"Butler & Dakin, per M. O. Butler."

The defendant also offered the affidavit of Charles V. Butler, one of the plaintiffs, sworn to April 7, 1860, before a justice of the peace in Massachusetts, which was ruled inadmissible.

This was all the evidence in the case.

The presiding Judge instructed the jury that the evidence was not competent to prove the authority of M. O. Butler to settle and discharge the account of the plaintiffs against the defendant, or to prove that his acts in discharging it were legally ratified by them.

The verdict, being for the plaintiffs, the defendant excepted.

*H. G. Cilley*, for defendant.

*Fessenden & Frye*, for plaintiffs.

The opinion of the Court was drawn up by

KENT, J. — The principal question in this case is, whether the affidavit of Charles V. Butler, offered by defendant, was properly excluded. It is clear that it could not be introduced as the testimony of a witness. It has no caption and no certificate, except one of the administration of the oath.

It is urged that it was admissible as the confession of a party. This is a correct proposition, if he was a party whose interests were liable to be affected by his admissions when made. If he was but a nominal party, having no interest in the event of the suit, they were not admissible. *Foster* v. *Fifield*, 29 Maine, 138.

In this case, it appears that, prior to the institution of the suit, and prior to the time of giving the affidavit, the plaintiffs had assigned this, with other accounts, to one Tarbox, for a valuable consideration. The plaintiffs had no residuary or remaining interest in the debt.

The question does not turn upon the point whether the admissions related to matters connected with the claim when owned by the nominal plaintiff, but whether the admissions were made when he had such interest, and when it was against his interest to make them.

The deposition of the plaintiff might have been taken by defendant. There is less reason for extending the rule as to admissions made by nominal parties since the law was passed allowing the parties to be admitted as witnesses for or against themselves.

There is no valid objection to the admission of the bill of particulars. It has been a long established practice. But it may be questionable whether this leave to file a bill of particulars, authorized any enlargement of the claim. The difference is only sixty-two cents, which plaintiff may remit.

The affidavit being inadmissible, it is very clear that the Judge properly instructed the jury, that the evidence was not sufficient to prove the authority of M. O. Butler to act as agent, or to show that his acts were legally ratified.

*Exceptions overruled.*

*Upon plaintiffs' remitting sixty-two cents of the verdict, judgment to be entered on verdict thus diminished.*

TENNEY, C. J., and APPLETON, CUTTING, GOODENOW, and DAVIS, JJ., concurred.